IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF MISSOURI

In re:                                          )
                                                )
LEATHA ANN TURNER,                              )         Case No. 11-41588
                                                )
       Debtor.                                  )

## MEMORANDUM ORDER

Creditor Express Stops of Lee's Summit, Inc. ("Creditor") seeks relief from the automatic stay of 11 U.S.C. § 362(a) to permit repossession of a 2001 Saturn vehicle bearing VIN 1G8ZK52741Z201416 (the "Property") rented to Leatha Ann Turner ("Debtor") pursuant to a lease agreement (the "Agreement").  Debtor denies leasing the Property and alleges that Creditor granted Debtor a security interest in the Property through a conditional sales contract.

The threshold question in determining whether a transaction creates a lease or a security interest is whether the debtor can terminate the Agreement, and that determination depends on the facts of each case. "[A] transaction creates a security interest if the consideration the lessee is to pay the lessor for the right to possession and use of the goods is an obligation for the term of the lease not subject to termination by the lessee." Mo. Rev. Stat. § 400.1-201(37); *see Ford Motor Credit Co. v. Hoskins (In re Hoskins)*, 266 B.R. 154, 159-60 (W.D. Mo. 2001).  "In the absence of an absolute obligation to pay the purchase price, [an agreement] cannot be construed as a security agreement under § 400.1-201(37); it is a lease." *Dutzel v. Meinershagen (In re Dutzel)*, 2008 WL 5157679 at *2 (Bankr. W.D. Mo. Oct. 17, 2008).

The Agreement in this case provides in paragraph 3 that "[Debtor] may terminate this Agreement at any time or upon expiration of any lease term by returning the Property to [Creditor]" without charge, provided that Debtor returned the Property in its original condition, "fair wear and tear excepted."  The Agreement did not obligate the Debtor to pay the Property's

purchase price; the Debtor could surrender the Property at any time without penalty or further payment. Therefore, the Agreement is a lease, not a "disguised security agreement," as argued by the Debtor.

Although the Debtor stated in her Answer to the Motion that she was not in default in her payments on the lease, the Agreement calls for payments of $49 a week and the Debtor's Plan, which has not been confirmed, provides for payments of just $91 a month. Given the age of the vehicle (a 2001 Saturn), if the Debtor wishes to retain the vehicle and obtain confirmation of her plan, she should provide for payments of $120 a month so as to provide adequate protection for the Creditor's interests.

Accordingly, it is

**ORDERED** that the Creditor's Motion Requesting Relief from the Automatic Stay so as to permit it to repossess the 2001 Saturn bearing VIN 1G8ZK52741Z201416 will be deemed GRANTED at the end of 15 days from this date unless the Debtor has proposed an amended plan providing for monthly payments of not less than $120 to the Creditor, without interest. If such a plan is filed, the Motion will be deemed DENIED without further proceedings.

**SO ORDERED** this 22nd day of June 2011.

/s/ Jerry W. Venters

HONORABLE JERRY W. VENTERS

UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed

Conventionally or electronically to:

William G. Cownie, Attorney for Creditor

Tracy L. Robinson, Attorney for Debtor